UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PEGGY M. H. ROBINSON, ET AL

                                        CIVIL ACTION

VERSUS

                                        NUMBER 07-958-JJB-SCR

OFFICE OF FINANCIAL
INSTITUTIONS, ET AL


**NOTICE**

        Please take notice that the attached Magistrate Judge's
Report has been filed with the Clerk of the U. S. District Court.

        In accordance with 28 U.S.C. §636(b)(1), you have ten days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within ten days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

        ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

        Baton Rouge, Louisiana, August 13, 2008.


                            STEPHEN C. RIEDLINGER
                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PEGGY M. H. ROBINSON, ET AL
                                        CIVIL ACTION
VERSUS
                                        NUMBER 07-958-JJB-SCR
OFFICE OF FINANCIAL
INSTITUTIONS, ET AL


MAGISTRATE JUDGE'S REPORT

On June 11, 2008 an order was issued requiring the plaintiffs to serve certain defendants and by July 3 and then file into the record by July 11 evidence of proper service.[1]  In response to this order one of the plaintiff's attorneys, Peggy M. H. Robinson, filed a document styled Evidence of Service Pursuant to Court Order June 11, 2008.  Attached to this filing were Return of Service forms for several defendants.[2]  Both the front (the side titled SUMMONS IN A CIVIL ACTION) and the back (the side titled RETURN OF SERVICE) were filed for the following defendants:[3]

> Office of Financial Institutions
> Through State Department of Justice[4]
>
> Honorable John Travis

---

[1] Record document number 60.

[2] Record document number 74.  Hereafter, the "July 11 Return" or Returns.

[3] The identification of the defendants is taken from the Summons.

[4] The Return indicates that the server "Left 6 copies ... for service on all State Defendants pursuant to Statute 13."

       Lane Bennett, Esq Personally
       And His Professional Liability Insurer
       Attorney at Law
       Doing Business as Lane Title

       Mr. Scott Johnson
       Mr. Darin Domaingue
       Honorable John Ducrest
       Mr. Paul Malancon - attorney[5]

       Anthony Jerome Hicks

Only the Summons was filed for the following two defendants:

       Katheryn Hicks (personally)

       Steve Waters

The Returns for the Office of Financial Institutions, Travis, and Bennett have been materially altered. This conclusion is support by comparing the July 11 Return with the Return previously filed on May 2, 2008 for the same defendant.[6] For example, the May 2 Return for the Office of Financial Institutions indicates that service was made by plaintiff and attorney Peggy M. H. Robinson. The July 11 Return now shows that service was made - on the same date as shown on the original May 2 Return - by Chester Charles, a student worker, who charged fees totaling $70.00. However, the Return is signed by Cyra Charles. Even though only copies were filed, the July 11 Return is obviously an alteration of the May 2

---

[5] Scott Johnson, Paul Malancon (spelled "Melancon" in the plaintiffs' Evidence of Service) and Honorable John Ducrest are not shown on the docket sheet as defendants in the case. Plaintiffs did not request, nor did the clerk of court issue, a Summons for any of them or for defendant Domaingue. See record document numbers 42-44.

[6] Hereafter, the "May 2 Return" or Returns.

Return.

The May 2 Return for defendant Honorable John Travis stated that he was served by Peggy M. H. Robinson by certified mail.  The Return is dated "Feb. 7, 2008."  The July 11 Return for Travis states that he was served "2/17/2008" by certified mail by Cyra Charles, another student worker, who charged total fees of $36.75. Although not as obvious, the July 11 Return also appears to be an alteration of the May 2 return.

Comparison of these two July 11 Returns with the July 11 Returns for Lane Bennett and Anthony Jerome Hicks reveals the same kind of alterations of the identities of the server and the name of the person signing the July 11 Returns.

Plaintiffs' response to the June 11 order does not acknowledge or explain these alterations of the May 2 Returns.

In addition to the foregoing, it still does not appear that the plaintiffs have properly served defendants Travis or Ann Lemanger, who have Louisiana addresses for service, regardless of who served them.  Both were supposedly served by certified mail, but the plaintiffs have not submitted either proof of mailing or a U.S. Postal Service delivery receipt.[7]

---

[7] Plaintiffs did not refer to any particular statute which allows a Louisiana resident to be served by certified mail.  A non-resident may be served by certified mail pursuant to LSA-R.S. 13:3204.  Under state law, pleadings filed subsequent to the original petition may be served by mailing a copy to counsel of record or the adverse party if there is no counsel of record. LSA-C.C.P. Art. 1313.  A pleading which must be served but which cannot
(continued...)

Plaintiffs have still not shown that either District Attorney Doug Moreau or the Sheriff of East Baton Rouge Parish (identified as Sid Gautreaux in the plaintiffs' Evidence of Service) can be properly served under either state or federal law by leaving a summons and copies of the complaint with a person at the Louisiana Department of Justice, regardless of who left them, or by certified mail, regardless of who mailed them.  Again, the plaintiffs have not submitted either proof of mailing or a U.S. Postal Service delivery receipt for either defendant.

Plaintiffs have not shown that service on defendant Domaingue was properly made by giving the summons and a copy of the complaint to a secretary at the office of attorney Paul Melancon.[8]

Plaintiffs asserted that defendant Steve Waters was served "Through Court," but did not identify the court, or how the court made service, or under what authority such service is proper, or file a Return or other evidence showing service on Waters.

Plaintiffs asserted that Timothy Baines was served "Personally at office on Old Hammond Hwy" (sic) but did not attach any Return to show this.  Moreover, he record does not indicate that the plaintiffs ever sought issuance of a summons for Baines or that the

_____

[7](...continued)
be served under Art. 1313, i.e. the original complaint, "shall be served by the sheriff."  LSA-C.C.P. Art. 1314.

[8] Melancon is not listed as a defendant in the case.

clerk of court ever issued one for him.[9]

Plaintiffs asserted that defendant Kimberly Knight was served by certified mail.  The Summons issued for her states a service address on an unidentified street in Baton Rouge.[10]  Plaintiffs have not shown that she can be properly served by certified mail.

The July 11 Return for Anthony Hicks, albeit altered, states that he  was "Served at Campus Federal Credit Union left with wife Katheryn Hicks" (sic).  This is obviously not personal service on Anthony Hicks, nor is it proper domiciliary service under Rule 4(e)(2)(B), Fed.R.Civ.P., or state law.[11]  Furthermore, the July 11 Return is contradicted by the assertion in the plaintiffs' Evidence of Service that Anthony Hicks was served "Personally left at work" (sic).

Plaintiffs asserted that Katheryn Hicks was served in February, 2008 by leaving (presumably) a summons and the complaint with an unidentified secretary at Katheryn Hicks' place of employment - "Left with work secretary" (sic).  However, no Return was filed.  Even if a return had been filed, the plaintiffs have

---

[9] See record document number 44.

[10] Record document number 44.

[11] "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment."  LSA-C.C.P. Art. 1234.  The service address on the Summons for Anthony Hicks is not the same address as the service address on the Summons for Kathryn Hicks, which is apparently her place of employment.

not shown that leaving the Summons and complaint with a secretary at Campus Federal Credit Union was proper service on Katheryn Hicks.

Plaintiff has offered nothing to show any kind of service on defendants James Robillard or Diane Hawkins.

Plaintiffs have failed to show that any of the defendants identified in the June 11 order have been properly served with a Summons and the complaint in any manner authorized under Rule 4 within the time allowed, as extended by the June 11 order.  Having already extended the time for the plaintiffs to properly serve these defendants, another extension is not warranted.

### **Recommendation**

It is the recommendation of the magistrate judge that the plaintiffs' complaint against the following defendants be dismissed pursuant to Rule 4(m) for failure to timely serve them or obtain waivers of service from them:

State of Louisiana through Office of Financial Institutions and their Risk Management Insurer

unidentified State Risk Management Insurer

Kathleen Blanco

John Travis

Ann Lemenager

Darin Domaingue

Lane Bennett

James Robillard
Steve Waters

Timothy Baines

Dianne Hawkins

Anthony Hicks

Katheryn Hicks

Kimberly Knight

District Attorney Doug Moreau

Sheriff East Baton Rouge Parish.

Baton Rouge, Louisiana, August 13, 2008.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

8